## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 19-3323 (EGS) ) |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

## ANSWER AND DEFENSES

Defendants U.S. Department of Housing and Urban Development ("HUD"), U.S. Department of Justice ("DOJ"), and U.S. Interagency Council on Homelessness ("USICH") hereby answer the claims brought under the Freedom of Information Act ("FOIA") by Plaintiff Democracy Forward Foundation as follows:

### FIRST DEFENSE

Defendants reserve the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure 8(c).

### SECOND DEFENSE

Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

### THIRD DEFENSE

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### FOURTH DEFENSE

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

### FIFTH DEFENSE

Plaintiff is not entitled to attorneys' fees or costs.

### SIXTH DEFENSE

Defendants have conducted adequate searches in response to the underlying requests under FOIA, 5 U.S.C. § 552, as amended, or otherwise are in the process of completing searches and releases of non-exempt, responsive records, or segregable portions thereof. Defendants further aver that some or all of the requested records may be exempt, in full or in part, from release under FOIA exemptions.

### **DEFENDANTS' RESPONSES TO NUMBERED PARAGRAPHS[1]**

Defendants deny each and every allegation contained in the Complaint except as may have been expressly admitted herein. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and

---

[1] Merely for ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2

should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

1. The allegations in Paragraph 1 constitute Plaintiff's characterization of its case and the nature of the action and contain conclusions of law to which no response is required.

2. HUD admits the allegations contained in Paragraph 2.

3. HUD admits that applications were due by October 30, 2019, and that HUD hosted a webinar through USICH on August 26, 2019.

4. HUD admits the allegations contained in Paragraph 4.

5. HUD admits that on September 9, 2019, the grant was cancelled and its status was later changed to postponed. The remainder of Paragraph 5 consists of Plaintiff's characterization of the circumstances surrounding the cancellation to which no response is required. To the extent a response is deemed necessary, HUD denies the remaining allegations in Paragraph 5.

6. HUD admits that its website continues to identify this funding opportunity as postponed. HUD denies the remaining allegations in Paragraph 6.

7. Defendants admit that Plaintiff submitted a FOIA request to each defendant dated September 16, 2019. Defendants aver that the requests speak for themselves and respectfully refer the Court to the requests for full and accurate statements of their contents.

8. This paragraph contains conclusions of law to which no response is required.

9. The allegations in Paragraph 9 constitute Plaintiff's characterization of its case and the nature of the action and contain conclusions of law to which no response is required.

## JURISDICTION AND VENUE

10. This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants admit only that this Court has jurisdiction subject to the limitations of FOIA. Defendants further aver that the statutes cited speak for themselves.

11. This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants admit only that venue is proper in this judicial district. Defendants further aver that the statutes cited speak for themselves.

## PARITES

12. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12.

13. DOJ admits that it is a department of the executive branch of the United States Government headquartered in Washington, D.C.

14. HUD admits the allegations contained in Paragraph 14.

15. USICH admits that it is a federal agency of the executive branch of the United States Government headquartered in Washington, D.C.

## FACTUAL ALLEGATIONS

16. Admit.

17. This paragraph contains Plaintiff's characterization of its FOIA requests. Defendants aver that the requests speak for themselves and respectfully refer the Court to the requests for a full and accurate statement of their contents.

18.     This paragraph contains Plaintiff's characterization of its FOIA requests. Defendants aver that the requests speak for themselves and respectfully refer the Court to the requests for a full and accurate statement of their contents.

19.     This paragraph contains Plaintiff's characterization of its FOIA request to DOJ. DOJ avers that the request speaks for itself and respectfully refers the Court to the request for a full and accurate statement of its contents.

20.     This paragraph contains Plaintiff's characterization of its FOIA request to HUD. HUD avers that the request speaks for itself and respectfully refers the Court to the request for a full and accurate statement of its contents.

21.     This paragraph contains Plaintiff's characterization of its FOIA request to USICH. USICH avers that the request speaks for itself and respectfully refers the Court to the request for a full and accurate statement of its contents.

22.     This paragraph contains Plaintiff's characterization of its FOIA requests. Defendants aver that the requests speak for themselves and respectfully refer the Court to the requests for a full and accurate statement of their contents.

*HUD Response*

23.     This paragraph refers to an e-mail exchange between Plaintiff and HUD. HUD avers that the e-mail exchange speaks for itself and respectfully refers the Court to the e-mail exchange for a full and accurate statement of its contents.

24.     This paragraph refers to an e-mail exchange between Plaintiff and HUD. HUD avers that the e-mail exchange speaks for itself and respectfully refers the Court to the e-mail exchange for a full and accurate statement of its contents.

25. This paragraph refers to an e-mail exchange between Plaintiff and HUD. HUD avers that the e-mail exchange speaks for itself and respectfully refers the Court to the e-mail exchange for a full and accurate statement of its contents.

26. This paragraph refers to an e-mail exchange between Plaintiff and HUD. HUD avers that the e-mail exchange speaks for itself and respectfully refers the Court the e-mail exchange for a full and accurate statement of its contents.

27. This paragraph refers to an e-mail exchange between Plaintiff and HUD. HUD avers that the e-mail exchange speaks for itself and respectfully refers the Court to the e-mail exchange for a full and accurate statement of its contents.

28. This paragraph refers to an e-mail exchange between Plaintiff and HUD. HUD avers that the e-mail exchange speaks for itself and respectfully refers the Court to the e-mail exchange for a full and accurate statement of its contents.

29. This paragraph refers to an e-mail exchange between Plaintiff and HUD. HUD avers that the e-mail exchange speaks for itself and respectfully refers the Court to the e-mail exchange for a full and accurate statement of its contents.

30. This paragraph refers to an e-mail exchange between Plaintiff and HUD. HUD avers that the e-mail exchange speaks for itself and respectfully refers the Court to the e-mail exchange for a full and accurate statement of its contents.

31. HUD admits that Plaintiff has not received any other communications from HUD regarding this FOIA request or any responsive record.

*DOJ Response*

32. This paragraph refers to a letter dated September 17, 2019. DOJ avers that the letter speaks for itself and respectfully refers the Court to the letter for a full and accurate statement of its contents.

33. This paragraph refers to a letter dated September 24, 2019. DOJ avers that the letter speaks for itself and respectfully refers the Court to the letter for a full and accurate statement of its contents.

34. DOJ lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 34.

*USICH Response*

35. USCIH admits the allegations contained in Paragraph 35.

36. USCIH admits the allegations contained in Paragraph 36.

37. USCIH lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37.

38. USCIH lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38.

39. USCIH admits the allegations contained in Paragraph 39.

***

40. This paragraph contains conclusions of law to which no response is required.

41. This paragraph contains conclusions of law to which no response is required.

42. HUD admits that it has not produced any records in response to the FOIA request. HUD denies the remaining allegations contained in Paragraph 42.

43. DOJ lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 43.

44. USCIH admits the allegations contained in Paragraph 44.

45. This paragraph contains conclusions of law to which no response is required.

## **CLAIM FOR RELIEF**

46. Defendants incorporate their responses to Paragraphs 1-45.

47. This paragraph contains conclusions of law to which no response is required.

The remainder of Plaintiff's Complaint contains Plaintiff's Prayer for Relief to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, they are denied.

Dated:  January 13, 2020               Respectfully submitted,

JESSIE K. LIU, D.C. Bar No. 472845
United States Attorney

DANIEL F.  VAN HORN, D.C.  Bar No.  924092
Chief, Civil Division

By: /s/  *Scott Leeson Sroka*
SCOTT LEESON SROKA, Member of New York Bar
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-7113
Email: Scott.Sroka@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of January, 2020, that service of the foregoing **Defendant's Answer** has been made on counsel of record through the Court's ECF system.

      /s/ *Scott Leeson Sroka*
SCOTT LEESON SROKA
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Office: (202) 252-7113
Email: Scott.Sroka@usdoj.gov

1